**REDWOOD EMPIRE PRODUCTION CREDIT ASSOCIATION, Plaintiff,**

v.

**FISHING VESSEL OWNERS MARINE WAYS, INC., Intervening Plaintiff,**

**and**

**DUNCAN ENGINE CO., INC., Second Intervening Plaintiff,**

v.

**O/S ANCIENT MARINER, Official No. 211722, her engines, tackle, appurtenances, etc., in rem; and Lonn R. Viken and Olivia Elaine Mouser, in personam, Defendants.**

**No. C81–14B.**

United States District Court, W. D. Washington, at Seattle.

Dec. 11, 1981.

---

Shane Carew, of Moriarty, Mikkelborg, Broz, Wells & Fryer, Seattle, Wash., for plaintiff.

Steven J. McFarland, of Lane, Powell, Moss & Miller, Seattle, Wash., for defendant.

## ORDER DECLARING LIEN PRIORITY AND DIRECTING PAYMENT

BEEKS, Senior District Judge.

Upon motion for judgment on the pleadings by intervening plaintiff, Fishing Vessel Owners Marine Ways (FVOMW), this court, on July 10, 1981, ordered that judgment in favor of FVOMW be entered in rem against the O/S ANCIENT MARINER, and in personam against Olivia Elaine Mouser/Viken (Mouser/Viken) in both her individual and representative capacities. FVOMW also sought a declaration of lien priority over the preferred ship mortgage on the vessel held by plaintiff Redwood Empire Production Credit Association (REPCA). Notwithstanding the court's ruling above-stated, a factual issue remained as to whether the work done after the date of the recordation and endorsement of the mortgage was pursuant to a severable contract, or whether it was pursuant to a single repair contract commenced before the mortgage lien attached. The court held the priority determination in abeyance pending a further factual showing, which was accomplished by a stipulation of the parties filed on September 30, 1981.

It appears that on or about November 15, 1976, pursuant to an oral agreement between FVOMW and Mouser/Viken, FVOMW began large scale repairs including the removal of after fuel tanks, removal and reinstallation of an auxiliary engine, repair of after bait tanks, installation of new decking and deck beams, caulking of the afterdeck and foredeck, refinishing the fo'c'sle with paneling, bunks, electric stove, and sink, and replacing old plastic pipe in the engine room with steel piping, all of which were completed in October, 1977. In accordance with the established policy of FVOMW, the agreement was verbal and FVOMW was to perform it on a time and material basis with payments to be made each time the account balance reached $5,000.00.

The intervening complaint of FVOMW alleged that at the special instance and request of Mouser/Viken extensive repairs were performed and new equipment and fittings were installed; that the reasonable and agreed value of the repairs was $47,063.91, and that a balance of $7,860.96 had not been paid and was due and owing, all of which has been admitted by Mouser/Viken.

The primary criterion for determining whether an agreement is a single contract or a number of severable contracts is the intention of the parties as determined by a fair construction of the agreement, by the subject matter to which it has reference, and by the circumstances of the particular transaction giving rise to the question. 17 Am.Jur.2d *Contracts* § 325 (1964). *Accord, Saletic v. Stamnes*, 51 Wash.2d 696, 321 P.2d 547 (1958). The parties to the contract, FVOMW and Mouser/Viken, agree that the contract was a single agreement covering the period from November of 1976 to October of 1977, inclusive. The only party to this litigation claiming the contract to be severable is REPCA, not a party to the contract.

All matters considered, the court finds that the parties entered into a single contract to make the vessel seaworthy, which involved continuous performance of the work described herein, for which FVOMW has a maritime lien prior and superior to the preferred ship mortgage lien of REPCA.

Hence, in accordance with previous orders of this court, REPCA shall pay "in cash" to FVOMW the sum of $7,860.96, plus its costs and interest, both prejudgment and post-judgment, at the rate of 10% per annum calculated from October 18, 1977 until paid. 28 U.S.C. § 1961 (1970); R.C.W. 4.56.110(2) (West Supp.1980); Local Admiralty Rule 155, W.D.Wash.

IT IS SO ORDERED.